IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:10CR39 |
| | § | |
| RANDALL RENARD LANDRY | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 26, 2011 to determine whether Defendant violated his supervised release. Defendant was represented by Glenn Roque-Jackson. The Government was represented by Robert Arrambide.

On November 1, 2004, Defendant was sentenced by the Honorable Randy Crane, United States District Judge, to a sentence of 60 months imprisonment followed by a 4-year term of supervised release, for the offense of importing 3.15 kilograms of cocaine. Defendant began his term of supervision on August 25, 2008. The term of supervised release was revoked on May 8, 2009, and Defendant was sentenced to 33 days (time served) imprisonment followed by an additional 2-year term of supervised release. Defendant's second term of supervised release commenced on May 8, 2009 and the matter was re-assigned to the Honorable Richard A. Schell on February 22, 2010.

On February 14, 2011, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 2). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (2) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons; (3) Defendant shall notify the probation officer ten days prior to any change in residence or employment; and (4) Defendant shall participate in a program, inpatient or outpatient, for the treatment of drug addiction, dependency or abuse, which may include, but not limited to urine, breath, saliva and skin testing to determine whether Defendant shall participate as instructed and as deemed necessary by the probation officer and shall comply with all rules and regulations of the treatment agency until discharged by the program director, with approval of the probation officer. Defendant shall further submit to such drug detection techniques, in addition to those performed by the treatment agency, as directed by the probation officer. Defendant will incur costs associated with such drug detection and treatment, based on ability to pay as determined by the probation officer.

The Petition alleges that Defendant committed the following violations: (1) Defendant failed to report to the U.S. Probation Office as directed on September 17, 2010 and failed to submit written monthly reports for the months of August, September and October 2010; (2) Defendant failed to work at regular employment from May 2009, through October 2010; (3) Defendant failed to notify the U.S. Probation Office of a change in residence in September 2010, making his whereabouts unknown; and (4) Defendant failed to attend substance abuse treatment at McCary Counseling, Denton, TX, on October 12, November 17, December 1 and 5, 2009, January 12, April 13, May 12

and 25, July 23, the months of August, September and October 2010 and failed to submit to drug testing at McCary Counseling, Denton, TX, on October 4, 9 and 12, November 6 and 22, 2009, January 29 and May 5, 2010, as directed.

At the hearing, Defendant entered a plea of true to the alleged violations. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the April 26, 2011 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of five (5) months (with credit to be given for time served), with no supervised release to follow.

**SIGNED this 19th day of May, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE